IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

TALMADGE JENNINGS WHEAT                                          PETITIONER

vs.                    Civil Case No. 2:09CV00004 HLJ

T.C. OUTLAW, Warden,
FCI, Forrest City, Arkansas                                      RESPONDENT

**MEMORANDUM AND ORDER**

On May 27, 2009, Proposed Findings and Recommendations were forwarded to United States District Judge Brian S. Miller. Subsequently, on June 22, 2009, Petitioner consented to jurisdiction by a United States Magistrate Judge, and the case was reassigned. Thus, the Proposed Findings and Recommendations previously submitted are hereby withdrawn and this Memorandum and Order is substituted.

Now before the court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 by Talmadge Jennings Wheat, an inmate of FCI Forrest City, Arkansas. Petitioner challenges the manner in which his sentence is being executed, alleging that he has been wrongfully denied credit for time served. Finding no error, the petition is dismissed with prejudice.

On January 12, 2001, Texas state authorities arrested Petitioner for burglary. While in state custody, authorities released him on April 30, 2001, to the temporary custody of the United States Marshals Service pursuant to a writ of habeas corpus *ad prosequendum*. Petitioner made his initial appearance before the United States District Court, Southern District of Texas, on May 1, 2001, and entered a plea of not guilty to the charge of felon in

possession of a firearm, but on June 28, Petitioner changed his plea to guilty. Texas state authorities subsequently retained custody of Petitioner from September 18, 2001, until November 19, 2001, when he was again released to the temporary custody of the United States Marshals Service pursuant to a writ of *habeas corpus ad prosequendum*. On December 7, 2001, the United States District Court, Southern District of Texas, sentenced Petitioner to 120-months in the BOP. (DE #2, Exhibit "A") Thereafter, Petitioner returned to state custody, and on December 19, 2001, he entered into a negotiated plea for burglary and received a 156-month sentence that ran concurrently with his federal sentence. (DE #2, Exhibit "F") The following day, the state court released Petitioner to federal custody, where he stayed until July 18, 2002. (DE #9, Exhibit 1)

On May 5, 2003, Texas state authorities sentenced Petitioner to two-years' imprisonment on another state burglary charge. (DE #2, Exhibit "A") Petitioner remained in state custody until March 29, 2004, when he finished serving his state sentences and federal authorities took exclusive custody of him. While in federal custody, Petitioner received a nine-month sentence for an inmate in possession of a prohibited object (marijuana) charge. (DE #2, Exhibit "A") Thus, he is currently serving an aggregated 129-month federal sentence for the offenses of felon in possession of a firearm and inmate in possession of marijuana. (DE # 9, Exhibit "1," Attachment 2)

Petitioner sought administrative review of the calculation of his credits. Specifically, he sought credit on his federal sentence for the time he spent in state custody and

alternatively requested a *nunc pro tunc* designation of the Texas Department of Criminal Justice (TDCJ) for service of his federal sentences. Having exhausted the administrative remedies available to him, Petitioner now seeks judicial review.

Defendants are entitled, under federal law, to certain credit for time spent in detention prior to sentence commencement. 18 U.S.C. § 3585(b). A defendant may receive credit towards his term of imprisonment for time that "has not been credited against another sentence." *Id*. The BOP performs computation of federal sentences, including credit for time served. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). Prisoners with questions or contentions about computation may seek administrative review of the calculation of their sentence and credits. 28 C.F.R. §§ 542.10-542.16. After exhausting the available administrative remedies, prisoners may seek judicial review. *United States v. Bayless*, 940 F.2d 300, 304-05 (8th Cir. 1991).

Petitioner argues entitlement to credit for time spent in state custody or alternatively *nunc pro tunc* designation due to Respondent's failure to maintain primary jurisdiction over him. He states Respondent erroneously and improperly returned him to the custody of state authorities, whose intent he claims was to have him serve the federal sentence first. Service of the federal sentence first would have allowed Petitioner to receive credit towards service of the state conviction because the Texas state authorities ran its sentence concurrently with the federal sentence. This failure to maintain primary jurisdiction of him, Petitioner contends, was arbitrary, capricious, and a complete abuse of Respondent's discretion,

resulting in "an unilateral increase in his term of imprisonment." (DE #2)

Section 3584(a) of Title 18 deals with imposition of concurrent or consecutive terms, and provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." In this instance, although the state court ran Petitioner's state sentence concurrently with his federal sentence, the United States District Court, Southern District of Texas did not run the federal sentence concurrently with the state sentence. The BOP sent a letter to the sentencing court seeking clarification as to the court's position on retroactive designation of a state institution for service of Petitioner's 120-month federal sentence. (DE #9, Exhibit "1," Attachment 8) It was the court's intention that Petitioner's 120-month federal sentence run consecutively with his Texas state sentence. (DE #9, Exhibit "1," Attachment 9) Therefore, when Petitioner completed his state sentence, he was properly returned to the exclusive custody of federal authorities for service of his federal sentence.

In addition, 18 U.S.C. § 3585(b) provides, in pertinent part, that a defendant "shall be given credit toward service of a federal sentence for any time spent in official detention prior to the date his federal sentence commences . . . *that has not been credited against another sentence*." (Emphasis added) BOP program statement 5160.05 outlines the procedures followed to determine whether it will designate a state facility for service of a federal sentence. (DE #9, Exhibit "1," Attachment 7) Here, the BOP determined Petitioner should not be allowed credit against his federal sentence for the time spent in state custody because

the credit has been applied towards his state sentences.  This includes any time from April 30, 2001, through July 18, 2002, that Petitioner spent in federal custody.  (DE #2, Exhibit "B" and DE # 9, Exhibit "1," Attachments 4, 16)  Crediting the federal sentences, which were not concurrent with the state sentences, with this time would be impermissible double counting under 18 U.S.C. § 3585(b).

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice.  The relief prayed for is denied.

SO ORDERED this 29th day of June 2009.

*Henry L. Jones, Jr.*
_____
United States Magistrate Judge